UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONES, | ) | Case No. 1:16 CV 2987 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| COVELLI ENTERPRISES, et al., | ) | AND ORDER OF DISMISSAL |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion to Dismiss For Failure to Prosecute. (ECF #21) Plaintiff, represented by counsel, filed this employment discrimination/retaliation action against Defendants on December 14, 2016. At some point after the Rule 26 planning meeting and before the case management conference ("cmc") scheduled for March 23, 2017, Plaintiff terminated his relationship with his counsel and counsel withdrew. Plaintiff, action *pro se*, filed a motion to continue the March 23, 2017 cmc. The Court granted Plaintiff's motion, continuing the cmc until April 24, 2017. On April 21, 2017, Plaintiff filed another motion to continue the cmc. The Court did not grant that motion and the cmc was held on April 24, 2017 as scheduled. Counsel for Defendants appeared but Plaintiff did not. A discovery cutoff date was set and a status conference was set for May 24, 2017.

On May 24, 2017, Plaintiff again failed to appear for the scheduled status conference although counsel for Defendants appeared. The Court re-set a status conference for June 6, 2017 and explicitly stated in the docketed minutes that Plaintiff's failure to appear would result in dismissal of the case. While counsel for Defendants appeared for the June 6, 2017 status conference, Plaintiff once again failed to appear. Another status was set for June 22, 2017 and

again Plaintiff was warned that failure to appear at the June 22, 2017 status conference may result in dismissal for failure to prosecute. The Court's Minutes of the Proceeding were mailed to the Plaintiff. Defendants filed the pending Motion to Dismiss on June 9, 2017 after Plaintiff failed to appear at his scheduled deposition. Counsel for Defendants appeared at the status conference scheduled for June 22, 2017 and Plaintiff again failed to appear.

A Court may dismiss a Plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to prosecute or comply with the federal rules or a court order. *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). The Sixth Circuit examines the following four factors to determine if dismissal for failure to prosecute pursuant to Rule 41(b) is appropriate: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id.* at 363 citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998). Although typically none of the factors is outcome dispositive, a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct. *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980).

In this case all four factors support dismissal for failure to prosecute. The Plaintiff's conduct in failing to appear for three consecutive status conferences despite warnings indicates that Plaintiff's failure is willful. Defendants have been prejudiced by Plaintiff's conduct because it has caused Defendants to incur expenses to defend the action and comply with court orders without being able to complete discovery or defend themselves. Plaintiff was warned on two occasions that failure to appear at the next scheduled status conference could result in dismissal

of the action and the Court's less drastic actions of continuing the status conferences did not result in Plaintiff's compliance. Overall, the record clearly reflects Plaintiff's disinterest in pursuing this action. Accordingly, Defendants' Motion to Dismiss (ECF #21) is granted and this action will be dismissed without prejudice.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 23, 2017